LORENZO T. HOWARD, RESPONDENT, v. CHARLES E. UPTON AND OTHERS, EXECUTORS OF O. M. BENEDICT, DECEASED, APPELLANTS.

*Evidence — res gestæ — Declarations in confirmation of prior statements of witness — admissibility of.*

In an action by the indorsee of a promissory note the title of the plaintiff was not put in issue, but the defendant relied upon the statute of limitations. Upon the trial one of the makers was allowed to testify that within six years his co-maker, since deceased, had paid to him acting as the agent of his wife, the then holder of the note, $100 to be applied upon the said note; and also that, at the time of the transfer of the note to the plaintiff, he had stated to him, the plaintiff, the fact of this payment.

*Held* (1), that his testimony as to what he had stated to the plaintiff at the time of the sale of the note was inadmissible; (2), that it was not admissible as a part of the *res gestæ* as it did not relate to or bear upon any issue raised in the case.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying defendants' motion for a new trial.

This action was brought by the plaintiff as the indorsee of a promissory note made by the defendants' testator, O. M. Benedict, and one Lewis Benedict, to Louisa D. Benedict (the wife of said Lewis Benedict), and by Louisa D. Benedict transferred to the plaintiff. The issue arose under a defense setting up the statute of limitations.

*George F. Danforth,* for the appellants.

*A. J. Wilkins,* for the respondent.

E. DARWIN SMITH, J.:

This case presents but a single exception which appears entitled to particular consideration. The note upon which the action was brought was for $1,600, payable to the order of Mrs. Louisa D. Benedict. It was dated August 12, 1864, and was payable one year after date.

The production of the note at the trial, with the indorsement of Mrs. Benedict upon it, was sufficient *prima facie* to pass the title

to the plaintiff. No point appears to have been made upon this question on the trial, and I presume for that reason that the indorsement of Mrs. Benedict appeared upon the note when presented, although it does not appear to have been so indorsed as the note is described and set out in the case. Proof was, however, duly made of its transfer in fact by the husband of Mrs. Benedict, acting for her, for the consideration of $150 in October or November, 1871. If it was unnecessary it was yet admissible for the plaintiffs to make proof as he did of such sale and transfer.

And the proof given was sufficient to pass the title to the note for the purpose of the suit, although it showed that nothing was in fact sold, or intended to be, more than the amount advanced upon such transfer, and that the plaintiff was to collect the note and pay the balance, over and above said $150 and his expenses, to Mrs. Benedict.

The sole defense in this action was the statute of limitations, and the plaintiff proved by the same witness, Lewis Benedict, who was a joint maker of the said note with the deceased O. M. Benedict, that the latter paid to him, acting for his wife, the sum of $100 on said note, on about the 4th of July, 1871. After the proof of these facts was made, the plaintiff's counsel proposed to show that at the time of the sale the witness told Howard, the plaintiff, that there had been a payment of $100 on the note.

The defendant's counsel objected to the proposed evidence. The court overruled the objection and decided that it was no evidence of payment, and he should so instruct the jury, but inasmuch as it was a part of the transaction, he would not exclude it, and received the evidence, and the defendant's counsel duly excepted.

The objection made to this evidence was a general one, and insufficient if such evidence was admissible upon any apparent ground. If the evidence was generally admissible as part of the *res gestæ*, as stated by the judge, or on other grounds, the objection was not well taken and the exception unavailing. Upon the face of the offer it was nothing more, apparently, as it must have been understood and considered at the time, than an offer to corroborate the testimony of Benedict, the witness, on the question of the payment of the $100 by proof that the witness afterward stated the fact of such payment to the plaintiff. The judge correctly ruled upon this·

point, that it was inadmissible for such purpose. It was not suggested, as appears in the case, that the proof was directed to any other point or issue, or offered to establish any other fact, and it is difficult to see how proof can be introduced into a cause on the trial, as part of the *res gestæ*, not pertinent to some issues or directed to the establishment of some material fact within the issue. It does not appear that the counsel for plaintiff put his claim to give this testimony upon any particular ground. So far as appears or may be inferred from the remark or ruling of the judge, the offer was to give the evidence as part of the *res gestæ ;* that is to say, as part of the transaction of selling the note to the plaintiff. Upon this question there was no issue made in the pleading or *on the trial,* as I can see, in respect to the plaintiff's title to the note, or his right *to sue upon* it. This being conceded or assumed, there was nothing on that question to be further proved. The plaintiff had proved the sale, in fact, and the payment of $150 for the note by the plaintiff. The only real issue upon the trial was whether the $100 was paid upon it as stated by the witness Benedict.

To let him testify, as part of the *res gestæ*, of a distinct and independent transaction, that then and there he stated the fact of such payment, was to suffer him to make a declaration subsequent to the making of such payment in corroboration of his testimony on that point, and thus effect indirectly and illegitimately what he clearly could not have been allowed to do directly.

Evidence of declarations and entries is admitted in evidence as a part of the *res gestæ* of a transaction, either because they constitute the fact which is the subject of inquiry, or because they elucidate the facts with which they are connected. (Starkie on Evidence [10th ed.], 89.) And the declaration must be made at the time of the act, and not relate to or be explanatory of a previous transaction. (1 Greenleaf, 136, and note ; and 8 Smed. & Marsh., 722 ; *Scragger* v. *The State* and *Enos* v. *Tuttle*, 3 Conn., 250.) The evidence thus received of the declarations of the witness, Benedict, must have been considered by the jury, and may have influenced their opinion upon the question of his credibility within the main issue of the payment of such sum of $100. It was not excluded from the jury, nor were they instructed to disregard it ; on the contrary, they were instructed " to look at all the evi-

dence in determining the question submitted to them," which must have included the declaration so made and proved by Lewis Benedict at the time of the sale of said note. I think it was error to have received such evidence in the manner and upon the ruling or ground stated at the Circuit, and that such evidence may have prejudiced the defendant. The objection to the testimony of Mrs. Benedict, that she had in her hands at the time of the making of said note, $1,600, as guardian of her child, was a good objection. The evidence was irrelevant and immaterial, and might have been properly excluded, but it had previously been received in the testimony of Lewis Benedict without particular objection, and it could hardly have been of sufficient importance to exclude it, when sought thus to be repeated by Mrs. Benedict. I think there should be a new trial with costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment and order reversed and new trial granted, with costs to abide event.